701 So.2d 1197 (1997)
Milton COLLIER, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-1538.
District Court of Appeal of Florida, Third District.
November 19, 1997.
Bennett H. Brummer, Public Defender and Ivy Ginsberg Shanock, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Doquyen T. Nguyen, Assistant Attorney General, for appellee.
Before JORGENSON, LEVY and GREEN, JJ.
PER CURIAM.
Milton Collier appeals his conviction and sentences for armed burglary and two counts of armed robbery entered pursuant to a jury verdict. He raises two points on this appeal.
First, Collier maintains that the trial court erroneously allowed one of the arresting officers to testify as to the contents of a police "BOLO" (or "Be On The Lookout") report. The sum total of the report alerted the police to be on the lookout for a "black-over-white Regal." Prior to his arrest, Collier had been a passenger in this vehicle. Collier argues that the contents of this BOLO report were inadmissible as hearsay and based upon Conley v. State, 620 So.2d 180 (Fla.1993), requires a reversal. The state, on the other hand, maintains that the contents of the BOLO were elicited not for their truth, but to explain why the officer's attention was initially drawn to this particular vehicle and to establish a logical sequence of the subsequent events. We agree with the state and find Collier's reliance upon Conley to be misplaced.
In Conley, the supreme court found that the trial court had erred in admitting the contents of a police dispatch report which had originated from an unidentified person, not the alleged victim, who had called the police to report a criminal incident. See 620 So.2d at 182-83. Police Officer Brown testified, over objection, that he "`received the call in reference to a man chasing a female down the street'" and "`[t]he man supposedly had some type of gun or rifle.'" Id. at 182. The Conley court further pointed out that: "[t]he prosecutor later referred to this statement in closing argument to argue that the alleged victim's testimony, combined with *1198 the corroborating testimony of Officer Brown, proved that Conley carried a rifle during the criminal episode." Id. Based upon this, the supreme court found the contents of the police dispatch report to be inadmissible hearsay in that the state had indeed used the contents of the dispatch report to prove that Conley had carried a gun and "the contents of the statement were not [otherwise] relevant to establish a logical sequence of events, nor was the reason why [the police] officers arrived at the scene a material issue in the case." Id. at 183. The court further repeated its earlier holding in State v. Baird, 572 So.2d 904 (Fla.1990), that "the inherently prejudicial effect of admitting into evidence an out-of-court statement relating accusatory information to establish the logical sequence of events outweighs the probative value of such evidence." Conley, 620 So.2d at 183. In reversing Conley's conviction and sentences, the court found the error to be particularly harmful where there was no corroborating evidence as to whether Conley had used a firearm during the commission of the offenses and the victim gave conflicting accounts about the same. See Id.
In the case before us, however, we are not similarly faced with an out of court statement relating to accusatory information. We note initially the car's description contained in the BOLO was given to the police directly by the victims themselves. More importantly, the contents of the BOLO elicited by the state below merely contained a description of a particular car and contained no accusatory information whatsoever. Therefore, we think that this record clearly supports the state's contention that this information was elicited not for the truth of the matter but solely to demonstrate to the jury why the officer's attention was initially drawn to the particular vehicle in which Collier was riding and to establish the sequence of events which subsequently took place. See Kearse v. State, 662 So.2d 677, 684 (Fla.1995) (no error in the admission of a police dispatched tape where it was not offered to prove truth of matter asserted, but to establish sequence of events and to explain why police investigation focused on defendant as perpetrator); Crump v. State, 622 So.2d 963, 969 (Fla.1993) (detective's testimony that murder investigation focused on truck at scene of first victim's murder because of tire tracks found near body of second victim and witness' description of truck was properly admitted, despite objection to testimony as hearsay, where the state offered testimony to explain detective's focus on defendant's truck and not to prove truth of matter asserted). Even if we were to deem the admission of the BOLO's contents to be error, it would be harmless in this case in that it was merely cumulative to the testimony of other police officers. See Kearse, 662 So.2d at 684-85.
Collier next asserts that the trial court erred in admitting collateral crime evidence where the two offenses were not sufficiently similar and the evidence did not prove identity. The state correctly points out that Collier failed to make contemporaneous objections at the time the evidence was introduced. Therefore, Collier has failed to properly preserve this issue for appellate review. See Lindsey v. State, 636 So.2d 1327, 1328 (Fla.) cert. denied, 513 U.S. 972, 115 S.Ct. 444, 130 L.Ed.2d 354 (1994).
Affirmed.