730 So.2d 368 (1999)
Walter JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3237.
District Court of Appeal of Florida, Fifth District.
March 26, 1999.
*369 James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, C.J.
Walter Johnson ["defendant"] appeals his conviction for armed robbery. Johnson was charged by amended information with the armed robbery of a retail store called "Kick in the Pants" in Indialantic, Florida.
Johnson filed a pre-trial motion to suppress a conversation he had with his wife in an interview room at the police station. He alleged that the audiotape had been made without a warrant and constituted an illegal search and or seizure, in that the tape had been secretly made by police, without his knowledge or his wife's knowledge. An amended motion to suppress sought suppression of a firearm which police had located through the audiotape.
The court denied Johnson's motion to suppress by order dated August 1, 1996. The order clearly explained the facts underlying the motion, which apparently were not disputed. The facts, as outlined by the court, were as follows:
I. The statements: The scenario here is not disputed. Defendant at all material times was legally married to Valencia Johnson ("Val") and they lived together as husband and wife in a residence on Reddicle Street [sic]. Defendant was taken to the Melbourne Police Department (he voluntarily went with Officer Simpson), read his rights and interviewed by Detective Jenkins. At the commencement of the interview Detective Jenkins put a portable tape recorder on the table and the interview was taped on this recorder. At the conclusion of the interview Detective Jenkins took the recorder and left the room. Defendant's wife Val was then escorted into the same interview room and left alone with Defendant; it is this conversation with his wife which defendant seeks to suppress.
Although there was some conflict in the evidence the court finds that the audio and video capabilities of the interview room are not apparent to one who is not otherwise aware that the room is bugged. If one knows where to look one could perhaps see the camera lens and the microphone(s) but these are not apparent to casual observation; this is significant because of the actions of Detective Jenkins in using the portable recorder which was no longer in the room when Defendant spoke with Val. Defendant and his wife each testified they thought their conversation was private and that comments by the police were at least partially responsible for this assumption. The police denied making any such comments (they simply said that the matter was never discussed at all) and the court accepts this testimony. There was no warrant to allow the taping of the conversation and neither party consented to it. The parties assert the husband/wife privilege.
After reviewing the relevant authorities, the court concluded that the relevant question under both the Fourth Amendment and the *370 husband/wife privilege (ss.90.50490.507, Fla.Stat.) was whether under the totality of the circumstances Johnson and his wife had a reasonable expectation of privacy. The court answered this question in the negative, explaining:
It is obvious from the tape that both participants knew the defendant was a suspect in at least one robbery and they certainly knew they were in the interview room of the police station. Detective Jenkins testified he recalled one of the parties even stating that they were being taped (T-54) but this statement could not clearly be made out on the tape itselfwithout any credible evidence of police assurances of privacy the overall circumstances in this case make it inconceivable that the parties had a reasonable expectation of privacy. This is pretty well conceded by defendant's wife; in response to defense counsel's question as to whether she believed her conversation was private she said she felt it was "But I didn't know." You never know with it being a vent in the ceiling."
The court also refused to suppress the firearm, finding that police discovered its location in a legal fashion (by listening to the tape) and that Johnson's wife had consented to the search of the premises.
After reviewing the relevant authority, we conclude that there is no basis to reverse the decision of the lower court on this issue. Although the facts of this case appear to us to create a closer question than the trial judge perceived, the lower court's analysis is consistent with prevailing law. See North v. Superior Court, 8 Cal.3d 301, 104 Cal.Rptr. 833, 502 P.2d 1305 (1972), State v. Smith, 641 So.2d 849 (Fla.1994). Even if it had been error to fail to suppress the statements and the firearm, the other evidence of Johnson's guilt of this crime is overwhelming. Accordingly, any error would have been harmless. See Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). We also find no reversible error in permitting the officer to testify that he went to Johnson's house in response to a BOLO. See Collier v. State, 701 So.2d 1197 (Fla. 3d DCA 1997), cause dismissed, 705 So.2d 569 (Fla.1998). Finally, the court's limitations on the defendant's proffered argument concerning the state's failure to produce certain witnesses was correct. Terry v. State, 668 So.2d 954, 963 (Fla.1996), citing Martinez v. State, 478 So.2d 871, 871 (Fla. 3d DCA 1985), review denied, 488 So.2d 830 (Fla.1986).
AFFIRMED.
DAUKSCH, J., concurs.
THOMPSON, J., concurs in result only.