858 So.2d 1100 (2003)
David FIDDEMON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2667.
District Court of Appeal of Florida, Fourth District.
October 22, 2003.
Rehearing Denied November 26, 2003.
*1101 Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of second degree murder after his girlfriend was found stabbed to death. The trial court allowed the state to prove that he had assaulted her four months prior to her murder on the theory that the defense had opened the door by questioning the thoroughness of the state's investigation of the murder. We reverse for a new trial.
The victim was found dead in the bathroom of an apartment with multiple stab wounds and a slit throat. Appellant, who had been her on-and-off boyfriend, had been seen going into her apartment around the time that the murder had occurred, and there was sufficient evidence, including the victim's blood on appellant's shoes, to convict him of her murder.
Prior to trial, the court granted the defense's motion in limine, with the state's agreement, to prohibit the state from mentioning a physically violent dispute between appellant and the victim four months earlier in which he had hit her in the mouth and may have broken her ribs.
During trial, however, the state asserted that the defense opened the door to the assault when it asked a detective if, in investigating the murder, he had found a restraining order that the victim had taken out against her former husband, Wilmer Jones, after he had attacked her with a knife. The detective was not aware of the ten year old restraining order. The trial court ruled that the defense's questioning the thoroughness of the police investigation, *1102 which did not discover this restraining order, opened the door to admitting the assault occurring four months before the crime, which the state's investigation had uncovered.
The "opening the door" theory of admitting otherwise inadmissible evidence was explained in Bozeman v. State, 698 So.2d 629, 630-31 (Fla. 4th DCA 1997):
To open the door to evidence of prior bad acts, the defense must first offer misleading testimony or make a specific factual assertion which the state has the right to correct so that the jury will not be misled. The "opening the door" concept is based on considerations of fairness and the truth-seeking function of a trial, where cross-examination reveals the whole story of a transaction only partly explained in direct examination. [citations omitted.]
Robertson v. State, 829 So.2d 901, 913 (Fla. 2002) (quoting Bozeman).
As noted in Robertson, in order to open the door, the defense must offer misleading testimony, or make a specific factual assertion which the state should be able to correct so that the jury will not be misled.
The fact of the ten year old domestic violence incident was not misleading, and did not, in and of itself, open the door to appellant's prior assault on the victim. As to the defense strategy in questioning the thoroughness of the detective's investigation, this could open the door to additional information that the detective had uncovered, Dennis v. State, 817 So.2d 741 (Fla. 2002); but it would not extend to the prior assault in this case. It is important to remember that the state did not assert in the trial court, nor has it asserted in this court, that the prior assault was relevant for any reason other than the defense having opened the door. The rationale on which it was admitted was solely to demonstrate the thoroughness of the police investigation. If we were to hold it admissible under that theory, it would mean that any prior crime a defendant had committed, no matter how horrendous, would be admissible if discovered by the detective in his investigation.[1]
When a collateral crime is improperly admitted in evidence, it is highly inflammatory and presumptively harmful. Robertson, 829 So.2d at 914. We cannot agree with the state that it was harmless.
We also agree with appellant that the detective should not have been allowed to render his opinion as to why he found no blood on appellant's bicycle. Thorp v. State, 777 So.2d 385 (Fla.2000) (generally a lay witness may not testify in the form of opinion).
Reversed for a new trial.
POLEN and STEVENSON, JJ., concur.
NOTES
[1] It has been held that evidence of a violent relationship or prior assault can be relevant to establish motive, intent, or premeditation; however, those reasons for admitting the prior assault in the present case have not been argued below or here. See Dennis (motive); Burgal v. State, 740 So.2d 82 (Fla. 3d DCA 1999) (motive, intent, and premeditation); Brown v. State, 611 So.2d 540 (Fla. 3d DCA 1992) (motive, intent, and premeditation); King v. State, 436 So.2d 50 (Fla.1983) (premeditation and identification of the defendant, who was attempting to imply that the victim's husband was the killer).