PER CURIAM.
Appellant seeks review of a conviction and sentence for driving under the influence (DUI), her fourth or subsequent violation. She argues that the trial court abused its discretion in admitting evidence of her three previous DUI convictions after finding that appellant “opened the door” to the admission. We agree and, therefore, reverse appellant’s judgment and sentence and remand for a new trial.
A testifying defendant may “open the door” to otherwise inadmissible evidence of prior offenses by offering (1) a trait of the defendant’s good character or (2) misleading or inaccurate testimony. See Robertson v. State, 829 So.2d 901, 912-13 (Fla.2002); Fiddemon v. State, 858 So.2d 1100, 1102 (Fla. 4th DCA 2003); Bozeman v. State, 698 So.2d 629, 630-31 (Fla. 4th DCA 1997). In other words, “to open the door, ‘the defense must first offer misleading testimony or make a specific factual assertion which the state has the right to correct so that the jury will not be misled.’ ” Robertson, 829 So.2d at 913 (quoting Bozeman v. State, 698 So.2d 629, 630 (Fla. 4th DCA 1997)).
In the instant case, the introduction of appellant’s prior convictions did not contradict or correct appellant’s testimony. Therefore, the trial court abused its dis *1031 cretion in admitting evidence of appellant’s prior convictions. See Robertson, 829 So.2d at 913. When a collateral crime is improperly admitted into evidence, it is presumptively harmful and highly inflammatory. See Robertson, 829 So.2d at 913-14; Fiddemon, 858 So.2d at 1102. The State does not attempt to rebut this presumption.
REVERSED and REMANDED for new trial.
WEBSTER, BENTON and POLSTON, JJ., concur.