16 So.3d 893 (2009)
William B. CRUMBIE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-4747.
District Court of Appeal of Florida, First District.
July 24, 2009.
*894 Michael Ufferman of the Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Meredith Charbula, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant in this direct criminal appeal challenges his conviction and sentence for aggravated battery on a pregnant victim. He raises several arguments, only one of which merits discussion. He contends that the trial court abused its discretion by allowing the victim to testify on redirect examination by the prosecution that she was afraid of the appellant because he told her "he had murdered someone and he got off on a murder trial." Concluding that the trial court acted within its broad discretion in allowing this testimony, we affirm the appellant's conviction and sentence.
Prior to trial, the prosecutor informed the trial court that the victim stated to him that she was afraid of the appellant because the appellant told her that he had killed a person and gotten away with it. The prosecutor properly informed the victim that she could not say this during the trial, but the prosecutor argued to the trial court that if the appellant pushed the victim during cross-examination as to why she was afraid of the appellant, the testimony should be allowed. The trial court indicated that the testimony might be allowed with a limiting instruction.
During the state's direct examination, the victim testified that the appellant punched her in her stomach several times and hit her on the head with a pot of warm grease. But when a neighbor called the police, the victim refused to give the police her correct name or assist in locating the appellant. The victim testified that she did not initially cooperate with the police because she did not want to be called a snitch, because there was an outstanding warrant for her arrest, and because she was afraid of the appellant. On cross-examination, the following exchange occurred between defense counsel and the witness:
Q. In fact, that's why you also gave a false name to law enforcement?
A. Right.
Q. It actually had nothing to do with the fact that you were scared of Mr. Crumbie, correct?
A. No, it had something to do with the fact that I was scared of Mr. Crumbie.
Q. So instead of telling the police your real name so they could protect you or offer you some sort of assistance, you gave them a false name? And you want us to still believe that you were scared of Mr. Crumbie at that point?
A. I gave them a false name because I had a warrant but I still got protection from the police. They still came out. They still did a report. They still did what they were supposed to do to take care of that.
Q. Mr. Crumbie wasn't arrested that night.
A. He wasn't arrested because he left the house.
Q. Now, didn't he also move back in with you after this occurred?
A. Right.
Q. And you still want us to believe you were scared of him?
A. I was afraid of him but I also loved him at the same time.

*895 ....
Q. Now, the night that this happened, you said you went back inside your house?
A. Right.
Q. But Mr. Crumbie had left?
A. He hadn't left yet.
Q. He hadn't left?
A. No.
Q. So, again, you want us to believe that you were scared of Mr. Crumbie but you went back into a house where he was located?
A. That's my house and I made him leave my house. You're right, I went back inside my house.
Over defense counsel's objection that the testimony was unfairly prejudicial, the trial court allowed the victim to testify on redirect about the appellant's alleged statement to her, but the court instructed the jury that the testimony was admissible for the limited purpose of establishing its effect on the victim.
A trial court's ruling on the admissibility of evidence is reviewed for an abuse of discretion. See Frances v. State, 970 So.2d 806 (Fla.2007). A trial court abuses its discretion only when no reasonable person would take the view adopted by the trial court. Id. at 813. Relevant evidence which would otherwise be considered inadmissible may be permitted when the defendant has "opened the door" to that evidence. See, e.g., Overton v. State, 801 So.2d 877 (Fla.2001). "As an evidentiary principle, the concept of `opening the door' allows the admission of otherwise inadmissible testimony to `qualify, explain, or limit' testimony or evidence previously admitted." Ramirez v. State, 739 So.2d 568, 579 (Fla.1999) (quoting Tompkins v. State, 502 So.2d 415, 419 (Fla.1986)).
In this case, the appellant opened the door to the testimony concerning his alleged previous statement to the victim by repeatedly challenging the victim's assertion made during direct examination that she initially refused to cooperate with the investigation in part because she was afraid of the appellant. The appellant proceeded with these challenges despite having been warned by the trial court that such a tactic might result in the admission of the victim's account of the appellant's previous statement. Had the trial court precluded this testimony, the jury would have been required to assess the victim's credibility with an incomplete account of relevant evidence relating to her credibility. In these circumstances, the trial court did not abuse its discretion in allowing the state to present the challenged testimony on redirect examination. See, e.g., Love v. State, 971 So.2d 280, 286 (Fla. 4th DCA 2008) (recognizing that the opening the door concept is based on considerations of fairness and the truth seeking function of a trial and may be employed when redirect examination serves to reveal the whole story of a transaction only partly explained in cross examination); see also Williamson v. State, 681 So.2d 688 (Fla.1996) (holding that section 90.403, Florida Statutes, did not preclude testimony that a critical state witness knew that the defendant had previously murdered a child, when the credibility of the witness was at issue due to his failure initially to fully cooperate with law enforcement officers investigating the crime for which the defendant was on trial).
The appellant's conviction and sentence are affirmed.
HAWKES, C.J., and ALLEN, J., concur; CLARK, J., dissents with opinion.
CLARK, J., dissent.
I disagree with the majority and would reverse the conviction.
Relevant evidence is inadmissible if its probative value is substantially outweighed *896 by the danger of unfair prejudice. § 90.403, Fla. Stat. Evidence of prior crimes is inadmissible where its sole relevancy is to attack the character of the defendant or to show the defendant's propensity to commit a crime. State v. Vazquez, 419 So.2d 1088 (Fla.1982).
The decision of whether probative value is outweighed by prejudice is a judgment call for the trial court and will be upheld absent an abuse of discretion. Because the prejudice substantially outweighed any probative value of the victim's statement, the trial judge abused its discretion in failing to exclude the testimony.
The defendant was charged with aggravated battery. On direct examination the victim testified that she had been untruthful with law enforcement about her identity when they responded to the emergency call because she was afraid of the defendant. On redirect examination, over the defense objection, ostensibly in an effort to rehabilitate the credibility of the witness, the State elicited testimony from the victim that she had been afraid of the defendant because the defendant had told her that he had murdered someone before and that he "got off on a murder trial." The victim's testimony implied that the defendant had previously been charged with murder and had been acquitted. The trial judge gave a cautionary instruction to the jury that they were not to "speculate as to the truth or falsity of the matters asserted in the statement."
Fear is not an element of aggravated battery. See § 784.045, Fla. Stat. Thus, evidence of the victim's fear was not relevant to the crime charged. Whether or not the victim was afraid of the defendant did not tend to prove or disprove a fact material to the case. Notably, there was no suggestion that the defendant told her of this murder charge and acquittal during or near the commission of the crime for which he was convicted. The testimony about the victim's fear was not probative of a relevant fact, but was elicited in an effort to rehabilitate the victim's credibility on a collateral matter, i.e., whether she had been untruthful with law enforcement. The admission of evidence of a defendant's prior charge of murder is highly inflammatory. When evidence of a collateral crime is admitted improperly, it is presumptively harmful. Fiddemon v. State, 858 So.2d 1100 (Fla. 4th DCA 2003). In McLean v. State, 934 So.2d 1248, 1261 (Fla.2006), the Florida Supreme Court held that "[c]ollateral crime evidence violates a defendant's right to due process if it is so prejudicial that it denies the defendant a fair trial." The supreme court emphasized the significance of a trial court weighing the probative value of evidence against the danger of unfair prejudice and explained:
[T]he application of section 90.403 should always render evidence inadmissible when it has such a prejudicial effect. In other words, if the potential prejudice is so great that admission of the collateral crime evidence will violate the defendant's right to a fair trial, then the probative value of the evidence must be "substantially outweighed by the danger of unfair prejudice."
Id.
In this case, and particularly because the defendant was on trial for a crime of violence, the curative instruction was not likely to be effective in persuading the jury to disregard the implication that the defendant was a violent person who had murdered before without legal consequence. The court's caution that the jury should not speculate on the truth of the assertion could not ameliorate the statement's prejudicial effect. In view of the current charges of violence, the statement gave the jury reason to believe that the defendant was a violent person in the past and thus had a propensity to be violent. The improper implication of the defendant's violent *897 past could not be cured by a caution to the jury about refraining to speculate on the truth of the assertion. See Brooks v. State, 868 So.2d 643 (Fla. 2d DCA 2004).
The defendant's right to a fair trial was compromised by the victim's statement that the defendant had committed murder before and "got off on a murder trial." The prejudicial effect of the statement substantially outweighed the probative value of the assertion. The curative instruction could not "unring the bell" about the defendant's past criminal history. Henderson v. State, 789 So.2d 1016 (Fla. 2d DCA 2000).
The trial court erred in allowing the victim's testimony that the defendant had previously been charged with and acquitted of murder. The statement was highly prejudicial. Under these circumstances, the state has not met its burden of showing beyond a reasonable doubt that the victim's statement concerning the defendant's previous charge and acquittal for murder did not contribute to the jury's verdict of guilt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986)
I would reverse.