CLARK, J.,
dissent.
I disagree with the majority and would reverse the conviction.
Relevant evidence is inadmissible if its probative value is substantially outweighed *896 by the danger of unfair prejudice. § 90.403, Fla. Stat. Evidence of prior crimes is inadmissible where its sole relevancy is to attack the character of the defendant or to show the defendant’s propensity to commit a crime. State v. Vazquez, 419 So.2d 1088 (Fla.1982).
The decision of whether probative value is outweighed by prejudice is a judgment call for the trial court and will be upheld absent an abuse of discretion. Because the prejudice substantially outweighed any probative value of the victim’s statement, the trial judge abused its discretion in failing to exclude the testimony.
The defendant was charged with aggravated battery. On direct examination the victim testified that she had been untruthful with law enforcement about her identity when they responded to the emergency call because she was afraid of the defendant. On redirect examination, over the defense objection, ostensibly in an effort to rehabilitate the credibility of the witness, the State elicited testimony from the victim that she had been afraid of the defendant because the defendant had told her that he had murdered someone before and that he “got off on a murder trial.” The victim’s testimony implied that the defendant had previously been charged with murder and had been acquitted. The trial judge gave a cautionary instruction to the jury that they were not to “speculate as to the truth or falsity of the matters asserted in the statement.”
Fear is not an element of aggravated battery. See § 784.045, Fla. Stat. Thus, evidence of the victim’s fear was not relevant to the crime charged. Whether or not the victim was afraid of the defendant did not tend to prove or disprove a fact material to the case. Notably, there was no suggestion that the defendant told her of this murder charge and acquittal during or near the commission of the crime for which he was convicted. The testimony about the victim’s fear was not probative of a relevant fact, but was elicited in an effort to rehabilitate the victim’s credibility on a collateral matter, i.e., whether she had been untruthful with law enforcement. The admission of evidence of a defendant’s prior charge of murder is highly inflammatory. When evidence of a collateral crime is admitted improperly, it is presumptively harmful. Fiddemon v. State, 858 So.2d 1100 (Fla. 4th DCA 2003). In McLean v. State, 934 So.2d 1248, 1261 (Fla.2006), the Florida Supreme Court held that “[cjollat-eral crime evidence violates a defendant’s right to due process if it is so prejudicial that it denies the defendant a fair trial.” The supreme court emphasized the significance of a trial court weighing the probative value of evidence against the danger of unfair prejudice and explained:
[T]he application of section 90.403 should always render evidence inadmissible when it has such a prejudicial effect. In other words, if the potential prejudice is so great that admission of the collateral crime evidence will violate the defendant’s right to a fair trial, then the probative value of the evidence must be “substantially outweighed by the danger of unfair prejudice.”

Id.

In this case, and particularly because the defendant was on trial for a crime of violence, the curative instruction was not likely to be effective in persuading the jury to disregard the implication that the defendant was a violent person who had murdered before without legal consequence. The court’s caution that the jury should not speculate on the truth of the assertion could not ameliorate the statement’s prejudicial effect. In view of the current charges of violence, the statement gave the jury reason to believe that the defendant was a violent person in the past and thus had a propensity to be violent. The improper implication of the defendant’s vio *897 lent past could not be cured by a caution to the jury about refraining to speculate on the truth of the assertion. See Brooks v. State, 868 So.2d 643 (Fla. 2d DCA 2004).
The defendant’s right to a fair trial was compromised by the victim’s statement that the defendant had committed murder before and “got off on a murder trial.” The prejudicial effect of the statement substantially outweighed the probative value of the assertion. The curative instruction could not “unring the bell” about the defendant’s past criminal history. Henderson v. State, 789 So.2d 1016 (Fla. 2d DCA 2000).
The trial court erred in allowing the victim’s testimony that the defendant had previously been charged with and acquitted of murder. The statement was highly prejudicial. Under these circumstances, the state has not met its burden of showing beyond a reasonable doubt that the victim’s statement concerning the defendant’s previous charge and acquittal for murder did not contribute to the jury’s verdict of guilt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986)
I would reverse.