DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**OSCAR E. CASTANON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-4025

[July 30, 2014]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 312011CF 000783A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Monique Rolla, Assistant Attorney General, West Palm Beach, for appellee.

*ON MOTION FOR REHEARING EN BANC*

PER CURIAM.

We deny the motion for rehearing en banc, withdraw our previously issued opinion and substitute the following in its place.

Appellant challenges his conviction for burglary on the grounds that the court admitted prejudicial statements regarding threats he made against the victims. He also claims that the court erred in overruling an objection to the prosecutor's closing argument where the prosecutor asked the jury to improperly speculate on the facts. On both issues, we conclude that the trial court did not abuse its discretion in overruling the objections.

Appellant rang the doorbell of the victims' home one evening. The victims had just moved to the house and were not expecting visitors. Upon the wife opening the door, the appellant asked for directions to another address. The wife did not know the location, but her uncle who was also

present offered some assistance. At that point, the wife noticed that appellant was looking past her and into the interior of her house while just standing at the door, staring and saying nothing. As he continued to look past her, he removed his shirt and the expression on his face changed to scary and angry. He suddenly charged at the front door. The wife worked to close the door, crying hysterically as appellant pushed and kicked against it. Eventually, with the help of her uncle, she succeeded in shutting the front door of her home, although in the process she injured her hand.

Appellant, however, did not give up and kicked the door in. He entered, only to be confronted with the husband who demanded that appellant leave. Disregarding the warnings, appellant took approximately three paces inside the house with a crazed, very aggressive look on his face, making aggressive moves toward the husband. The husband then threw appellant out of the house, but the altercation did not end. Appellant picked himself up, and when he made motions attempting to reenter the house, the husband pinned him to the ground. During this time, appellant kept yelling at the husband and threatened him, his wife and children. He even asked the husband if he knew what discovery was and that he would get their address and come and kill them. This continued even after the police arrived, and appellant kept repeating the address of the victims.

Prior to trial, appellant moved in limine to exclude the statements regarding the threats to the victims and the statement regarding discovery. The state argued, and the court agreed, that they were relevant to show appellant's intent to commit an assault when entering the home, as well as being inextricably intertwined with the entire event. Counsel did not mention, nor was an objection lodged, as to statements that appellant continually repeated the victims' address at the scene. Thus, objections to these statements were not preserved for appeal.

As to the statement about discovery and appellant's intent to get the victims' address through discovery, the court concluded that it was unlikely that the jury would even know what discovery was. Moreover, it agreed that the statements were relevant to intent.

The trial proceeded, at which the husband, wife, and officers on the scene testified. The appellant elected not to testify. The jury found him guilty as charged, and the court adjudicated appellant and sentenced him to twenty-five years in prison. This appeal follows.

Appellant claims that the court erred in admitting his statements about seeking the victims' address through discovery as well as his continual

repetition of the victims' address after he was arrested. Counsel failed to object to some of appellant's threatening statements, thus not preserving the issue for appeal. As to those to which counsel did object, we conclude that the threats did have some relevancy as to the issue of intent to commit an assault, an essential element to the charge of burglary.

Generally, the test for the admissibility of evidence is relevance. § 90.402, Fla. Stat. (2012). Relevant evidence is defined by statute as "evidence tending to prove or disprove a material fact." § 90.401, Fla. Stat. (2012). "Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." § 90.403, Fla. Stat. (2012). As such, "the prerequisite to admissibility is relevancy." *Dorsett v. State*, 944 So. 2d 1207, 1212 (Fla. 3d DCA 2006). "In determining relevance, we look to the elements of the crime charged and whether the evidence tends to prove or disprove a material fact." *Guerrero v. State*, 125 So. 3d 811, 814 (Fla. 4th DCA 2013) (citation omitted).

In order to prove a burglary with the intent to commit an assault, the state was required to prove the crime of assault, which was in violation of section 784.011(1), Florida Statutes (2011). The section provides:

> An "assault" is an *intentional, unlawful threat by word or act to do violence* to the person of another, coupled with an apparent ability to do so, *and doing some act which creates a well-founded fear in such other person* that such violence is imminent.

(Emphasis added).

Here, appellant's defense was that he innocently walked up to the victims' house in the middle of the afternoon, and his sole intent was to calmly get directions. Although appellant did not testify, defense counsel, in both opening and closing, claimed that it was only after appellant had the door slammed in his face, was knocked down, and was punched in the mouth that he got upset. The defense made clear that appellant did not strike anyone at any time and, at most, was guilty of trespass by refusing to leave after he had lawfully entered the dwelling.

Because it was disputed whether appellant broke down the door prior to the husband physically restraining him, appellant's statements, particularly those made during the entire sequence of events consisting of the burglary and assault, were offered to prove a material fact at issue and

relevant to adequately describe what had occurred. *See Griffin v. State*, 639 So. 2d 966, 968 (Fla. 1994) ("It is admissible under section 90.402 because 'it is a relevant and inseparable part of the act which is in issue.... [I]t is necessary to admit the evidence to adequately describe the deed.'") (quoting Charles W. Ehrhardt, *Florida Evidence* § 404.17 (1993 ed.)). Moreover, appellant's statements were all made in a very limited period of time: during the brief period of time he was inside the dwelling and immediately after having been physically removed by the husband. As such, his continued threats outside the dwelling were inextricably intertwined with the assault for which he was charged. *See Ward v. State*, 59 So. 3d 1220, 1222 (Fla. 4th DCA 2011) (recognizing rule that evidence is inextricably intertwined if it is necessary to adequately describe the deed); *Dorsett*, 944 So. 2d at 1213 (concluding that evidence of a prior uncharged hand-to-hand transaction was properly admitted pursuant to section 90.402 as relevant evidence, evidence which was inextricably intertwined with the crime charged and offered to establish the entire context of events for the charged offense).

In sum, the preserved statements at issue were relevant to describe a material fact at issue—appellant's intent. Further, they were inextricably intertwined with the charged assault and relevant to adequately describe the deed. Finally, the relevancy of those statements outweighed any unfair prejudice, as the jury had already heard appellant's threats to kill the wife and children; this evidence was necessary to show his degree of hostility toward the victims, which created a "well-founded fear" in them—an element of the assault for which he was charged. *See* § 784.011(1), Fla. Stat. (2011). Moreover, some of the statements made post-arrest, which might have been objectionable, were either not objected to or were cumulative to properly admitted statements. Thus, the trial court did not abuse its discretion in overruling the objections to those statements.

We do note appellant's argument that the statement regarding seeking the victims' names through discovery was particularly prejudicial. During deliberations, the jury asked the court whether the appellant could obtain the jurors' names and addresses through the court file. The court instructed the jury not to consider this in their deliberations. While the comment about discovery might have triggered this question, it could also have been triggered by the testimony of the officers and the victims that the appellant kept repeating the address of the victims, causing the victims to permanently move from that address. That testimony was not objected to at trial. Thus, we cannot conclude that the comment regarding discovery was so prejudicial as to vitiate the trial.

As to appellant's second claim, that in the prosecutor's closing argument he asked the jury to speculate on improper matters, we disagree and conclude that the prosecutor was simply asking the jury to make inferences from the evidence to conclude that appellant had committed an assault. "Closing argument is an opportunity for counsel to review the evidence and to explicate those inferences which may reasonably be drawn from the evidence." *Hildwin v. State*, 84 So. 3d 180, 191 (Fla. 2011) (quoting *Merck v. State*, 975 So. 2d 1054, 1061 (Fla. 2007)). Moreover, "[a] prosecutor's argument should be examined in the context in which it is made." *Stancle v. State*, 854 So. 2d 228, 229 (Fla. 4th DCA 2003) (citing *McArthur v. State*, 801 So. 2d 1037, 1040 (Fla. 5th DCA 2001) and *Nelson v. State*, 416 So. 2d 899, 900 (Fla. 2d DCA 1982)). In reviewing allegations of improper argument, appellate courts should recognize that "[a] trial court has discretion in controlling opening and closing statements, and its decisions will not be overturned absent an abuse of discretion." *Merck*, 975 So. 2d at 1061. No abuse of discretion has been shown.

For the foregoing reasons we affirm the conviction and sentence.

WARNER, LEVINE, JJ., and TUTER, JACK, Associate Judge, concur.

\*　　　\*　　　\*