WOLF, J.,
concurring.
I concur in the result in this case. The victim’s testimony concerning the mother’s statements of what appellant told her was predominantly being introduced for the truth of the matter asserted: “he was going to put four bullets in her head.” This testimony constituted inadmissible hearsay. See Kennedy v. State, 385 So.2d 1020 (Fla. 5th DCA 1980) (holding that a statement of murder victim that the defendant intended to kill the victim in the future constituted inadmissible hearsay).
The statements made shortly before the assault took place, however, are relevant and material to demonstrate appellant’s *153 intent to threaten to do violence to the victim and whether the victim had a well-founded fear of violence. See Castanon v. State, 162 So.3d 52 (Fla. 4th DCA 2014) (holding that threatening statements that the defendant made immediately after a burglary were relevant to show his intent to commit an assault during the burglary). Therefore,- if the mother herself had testified as to the defendant’s statements which she conveyed to the victim or if appellant had directly conveyed, the threats to the victim, the evidence would be admissible as. an admission under section 90.803(18), Florida Statutes (2014). See Christopher v. State, 583 So.2d 642 (Fla.1991) (holding that testimony of defendant’s daughter that defendant had told her that he and victim had fought was admissible as an admission).