DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DESMOND D. SANDERS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2489

[ September 20, 2018 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 562015CF003442A.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

ARTAU, EDWARD L., Associate Judge.

Appellant, Desmond Sanders, challenges his conviction and sentence for first-degree murder in the shooting death of Carlos Bradwell. We affirm on all issues but write to address appellant's argument that the trial court erred by allowing the jury to hear evidence that, within two hours after Bradwell's death, a shooting occurred at appellant's home.

The evidence at trial established that at about 3:00 a.m. on November 28, 2015, police were called to the House of Meat (a grocery store and after-hours club) in Fort Pierce to respond to reports of a shooting. Several police officers met with a witness who testified that she saw an individual she subsequently identified as appellant with a gun earlier in the night, she later saw him walk in front of her vehicle, and shortly thereafter, she heard gunshots. However, she did not see the shooting. The witness described the person who walked in front of her vehicle as a young, black male with short hair and gold teeth, who went by the name "Des."

While still at the House of Meat, one officer was called at about 5:00 a.m. to respond to reports of a shooting at a home on Kerr Street, which

was about three miles away. During her search for evidence at the home, the officer encountered a young black male with short hair and gold teeth, who said his name was "Des." The witness would later identify him as the same person who had walked in front of her vehicle at the House of Meat.

At trial, there was a dispute about whether the reason for the call to the Kerr Street home was to be allowed into evidence. The trial judge had preliminarily ruled that certain testimony about the Kerr Street shooting, including testimony about the shell casings and bullet holes found there, was not admissible, but that it could be relevant and admissible if the state could show a connection between the Kerr Street incident and the House of Meat shooting.

Before the officer testified, the prosecutor instructed her not to mention the evidence found, nor the reason for the call to the Kerr Street home. On cross-examination, however, defense counsel asked the officer questions about the thoroughness of her investigation at the Kerr Street home, including whether she had found any guns or ammunition there, and implied that she had gone to the Kerr Street home for no reason other than to wake a peaceful, quiet family at 5:00 a.m. To avoid violating the prosecutor's pre-testimony instructions, the officer responded by stating that she was asked not to speak about the evidence found at Kerr Street. Despite the officer's reluctance to answer the questions based on the admonition she had previously received from the prosecutor, defense counsel pushed on, asking her to confirm that the ammunition found at Kerr Street belonged to a .410 shotgun and not a .45 caliber gun, which was the type that was removed from the body of the House of Meat shooting victim.

The court then allowed, over objection, appellant's mother to testify that she called the police to her Kerr Street home, and that the reason for the call was that her home had been "shot up." The court ruled that based on defense counsel's strategy to ask about the evidence found at the Kerr Street home, calling into question the thoroughness of the police's investigation and the motives of law enforcement in going to the Kerr Street home at 5:00 a.m., the defense had opened the door. Otherwise, the defense would have been allowed to mislead the jury into believing that the responding officer had failed to conduct a thorough investigation and had randomly showed up at the Kerr Street home while the occupants were sleeping. The court found that the two incidents were inextricably intertwined, and that the Kerr Street incident was relevant for the jury to receive a complete picture as to why the police showed up to a home about three miles away and coincidentally encountered the House of Meat suspect.

After trial, the jury found appellant guilty of first-degree murder, as charged in the indictment. The court sentenced him to life in prison with review after twenty-five years and credit for 587 days.

Appellant argues on appeal that evidence of the Kerr Street shooting was not relevant, and even if it was, any probative value was substantially outweighed by the risk of unfair prejudice. Appellant also argues that the two shootings were not inextricably intertwined and that the jury did not need to know the reason why police were called to appellant's home.

The state contends that the Kerr Street shooting evidence was relevant to show the chronological sequence of events leading to the identification of the House of Meat suspect. The state also argues that the testimony about why the police responded to appellant's home within two hours and just three miles from the House of Meat shooting did not involve hearsay or accusations against appellant. Furthermore, the probative value of the evidence was not substantially outweighed by the prejudicial effect where the evidence was limited to show that after having responded to the call about the shooting at appellant's home, an officer recognized appellant as someone matching the description of a suspect involved in the House of Meat shooting.

We agree with the state.

A trial court's admission of evidence is reviewed for an abuse of discretion, limited by the rules of evidence. *Gaines v. State*, 155 So. 3d 1264, 1271 (Fla. 4th DCA 2015). The prerequisite for the admissibility of evidence is relevance. *Castanon v. State*, 162 So. 3d 52, 54 (Fla. 4th DCA 2014) (citing § 90.402, Fla. Stat.). Evidence is relevant if it tends to prove or disprove a material fact. § 90.401, Fla. Stat. (2017).

Although relevant evidence is ordinarily admissible, there is an exception where the evidence is precluded by law. § 90.402, Fla. Stat. (2017). For example, "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." *Castanon*, 162 So. 3d at 54 (citing § 90.403, Fla. Stat.). "In weighing the probative value against the unfair prejudice, it is proper for the court to consider the need for the evidence; the tendency of the evidence to suggest an improper basis to the jury for resolving the matter . . . ." *Rubinger v. State*, 98 So. 3d 659, 663 (Fla. 4th DCA 2012) (quoting *Taylor v. State*, 855 So. 2d 1, 22 (Fla. 2003)).

The admission of otherwise inadmissible evidence under the concept of "opening the door" requires that "the defense must offer misleading testimony, or make a specific factual assertion which the state should be able to correct so that the jury will not be misled." *Fiddemon v. State*, 858 So. 2d 1100, 1102 (Fla. 4th DCA 2003). When the defense questions the thoroughness of the police's investigation, the door may be opened to additional information that the police had uncovered. *Id.* However, the door is not opened to acts that are not relevant for any reason other than the opening of the door. *Id.*

In *Tillman v. State*, 964 So. 2d 785, 787 (Fla. 4th DCA 2007), on which appellant relies, the defendant was charged with aggravated assault, fleeing or eluding, and resisting arrest without violence. We held there that the contents of two police BOLO ("be on the lookout") reports were inadmissible hearsay and prejudicial where the reports involved information about an armed kidnapping by a suspect last seen in a white Dodge Intrepid, a crime not charged against the defendant. *Id.* at 786. Officers located a vehicle matching the BOLO description and observed the defendant nearby. *Id.* The subsequent events (assault, fleeing, and resisting arrest) led to the defendant's charges. *Id.* at 786–87. We likened *Tillman* to *Conley v. State*, 620 So. 2d 180 (Fla. 1993), where the Florida Supreme Court found that the contents of a police dispatch report were hearsay and not relevant to establish a sequence of events; that the reason why officers arrived at the scene was not a material issue; and that the inherently prejudicial effect of the contents of the hearsay report outweighed the probative value. *Id.* at 789.

Here, the admitted evidence did not consist of hearsay reports portraying appellant as the perpetrator of an uncharged crime, which could potentially prejudice appellant as to the charged crime. Appellant and his family were the victims of the Kerr Street shooting. The evidence did not consist of a bad deed committed by appellant that would make the jury more likely to convict him of first-degree murder. Moreover, the details of what happened at Kerr Street were relevant to establish the sequence of events that led up to police arriving at Kerr Street and identifying appellant, particularly where defense counsel had opened the door by portraying the police as not having conducted a thorough investigation and implying that the police just showed up to disrupt a sleeping family.

Accordingly, we find that the instant case is more akin to *Collier v. State*, 701 So. 2d 1197 (Fla. 3d DCA 1997), wherein the Third District held that it was not error to admit the contents of a police BOLO report that contained a description of a particular car but no accusatory information.

4

*Id.* at 1198. The Third District concluded that the information in the BOLO was not elicited for the truth of the matter, but only to demonstrate to the jury why police were initially drawn to the particular vehicle in which the defendant was riding and to establish the sequence of events that followed. *Id.* (citing *Kearse v. State*, 662 So. 2d 677, 684 (Fla. 1995) (no error in the admission of a police dispatch tape where it was not offered to prove truth of the matter asserted, but to establish the sequence of events and to explain why police investigation focused on defendant as perpetrator)).

Similarly, the evidence regarding the circumstances of the Kerr Street home shooting was not introduced to establish that appellant had anything to do with the shooting there. No one implied or suggested that appellant would have shot at his own home. In addition, the trial court admonished the state not to make the Kerr Street shooting a feature of the trial. Instead, the Kerr Street shooting evidence was introduced to demonstrate why police were drawn to the home where they found appellant and to establish a complete sequence of events in the face of misleading information initiated by the defense about the investigation leading up to the identification of appellant as the House of Meat suspect.

Therefore, we affirm the trial court's admission of the testimony about the Kerr Street shooting. Defense counsel opened the door for testimony about the evidence found and the reason for the call to Kerr Street. Defense counsel also presented a misleading and incomplete picture to the jury about the investigation at the Kerr Street home and why the police disturbed what was portrayed as a peaceful and sleeping family. Upon opening the door, the testimony was relevant to provide a logical sequence of events that led police to identify appellant as the House of Meat suspect after encountering him at the Kerr Street home. Under these circumstances, we cannot find the trial court's decision to allow testimony about the Kerr Street shooting to be an abuse of discretion. *See Pierre v. State*, 246 So. 3d 545, 547 (Fla. 4th DCA 2018) ("[B]ecause reasonable minds may differ as to whether the [admitted evidence] was relevant to the issues of the state's or the defense's case, we find no abuse of discretion in the trial court's determination of relevance.").

*Affirmed.*

LEVINE and FORST, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

5