# Third District Court of Appeal

## State of Florida

Opinion filed August 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2145
Lower Tribunal No. F22-9505
_____

**Andrew Martinez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and EMAS and SCALES, JJ.

SCALES, J.

Asserting that the trial court fundamentally erred by allowing testimony that allegedly violated an order granting appellant Andrew Martinez's pre-trial motion in limine, Martinez appeals his conviction for resisting an officer without violence.[1] We affirm because the record reveals no fundamental error.

On May 23, 2022, police officers were looking for Martinez in connection with a burglary and auto theft. After the officers encountered Martinez outside his sister's house, Martinez eluded them by entering the dwelling and attempting to hide in the attic. The officers apprehended and arrested him. Prior to trial, the trial court granted Martinez's motion in limine that sought to prohibit witnesses from testifying regarding either Martinez's open burglary case or any other crimes uncharged in the instant case.

Because the officers had entered the dwelling without a warrant, the trial court instructed the jury on the "hot pursuit" exception to the warrant requirement. Without objection, the jury was given the following instruction:

> Hot pursuit, you are permitted to find that an officer was engaged in a lawful execution of a legal duty, if you find that the officer was in hot pursuit of the Defendant. Ladies and gentlemen, an officer in hot pursuit – pursuit may enter the premises without a search warrant if there is probable cause to believe that a suspect of a recently committed felony has entered the premises.

---

[1] Martinez was charged with resisting an officer with violence pursuant to section 843.01 of the Florida Statutes and was convicted of the lesser included offense.

At trial, two arresting officers testified, respectively and without defense objection, that: "We had probable cause to make an arrest for multiple – for cases" and "We were there for a previous case, so –." The jury heard no specific testimony relating to uncharged offenses. The jury returned a guilty verdict and the trial court sentenced Martinez to one hundred and eighty days in jail.

On appeal, Martinez cites three cases[2] for the proposition that the trial court fundamentally erred by allowing the officers to provide any testimony as to why they were pursuing Martinez. The instant case, though, is readily distinguishable from Edwards, Ward and Tillman. In each of these cited cases, the jury was allowed to hear explicit details of the uncharged crimes. Edwards, 311 So. 3d at 258; Ward, 59 So. 3d at 1223; Tillman, 964 So. 2d at 789. In this case, the officers' testimony merely explained their pursuit of Martinez to establish that the arrest was lawful, which is an element of resisting an officer without violence and did not violate the order granting Martinez's motion in limine.[3]

---

[2] Edwards v. State, 313 So. 3d 255 (Fla. 2d DCA 2021); Ward v. State, 59 So. 3d 1220 (Fla. 4th DCA 2011); Tillman v.State, 964 So. 2d 785 (Fla. 4th DCA 2007). While none of these are fundamental error cases, the appellate court in each instance concluded that testimony of an uncharged crime was prejudicial to the defendant.

Affirmed.

---

[3] Even if the officers' verbal stumbles and the trial judge's oral delivery of the subject jury instruction somehow could be considered violations of the motion in limine, there were no contemporaneous objections, and we discern in them neither a prejudice to Martinez nor a fundamental error that amounts to a denial of a right to due process. See Louidor v. State 162 So. 3d 305, 323 n.15 (Fla. 3d DCA 2015) (Emas, J. dissenting) ("The Supreme Court has also characterized as 'fundamental,' error which goes to the foundation of the case, amounting to a denial of due process.").